No. 3283.

## J. J. KREIDER v. CITY OF NEW ORLEANS.

The plaintiff, being ejected from his office of mayor of the city of Jefferson from the first of June, 1869, to the first of April, 1870, when the office ceased to exist by annexation of said city to the city of New Orleans, obtained by compromise, in a suit resulting from the unlawful interference with his rights, the sum of $1500 from the party thus interfering under an appointment made by the Governor. This sum was paid out of the funds of the city of Jefferson, and the plaintiff now claims from the city of New Orleans, as successor of the city of Jefferson, the same amount for salary;

Held—That the compromising by plaintiff of the said suit, in which his right to the office was involved, concludes him from urging any demand against the city of New Orleans for his salary, admitting the liability of the city to pay a salary twice for the same services.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Fellows & Mills*, for plaintiff and appellee. *George S. Lacey*, City Attorney, for defendant and appellant.

HOWELL, J. The plaintiff claims a salary as mayor of the city of Jefferson from first June, 1869, when he was ejected from said office, until first April, 1870, when the office ceased to exist by the annexation of said city to the city of New Orleans. In the suit, which arose at the first mentioned date, he was, on appeal, declared to be entitled to his office; but when the judgment became final, the Governor made appointment of another party, who injoined the plaintiff from acting. This injunction was dissolved, and damages to the amount of $2000 allowed Kreider, defendant in that proceeding, plaintiff here, and the other party appealed; but the suit was compromised, plaintiff Kreider

receiving $1500, which were paid out of the funds of the city of Jefferson. After this, the present suit was instituted and plaintiff obtained judgment for $1500, and the city appealed. We are of opinion that the compromising of the said suit, in which his right to the office was involved, concludes plaintiff from urging any demand against the city for his salary, admitting the liability of the city to pay a salary twice for the same services.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment for defendant with costs.

Rehearing refused.